IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KERVON L. HENRY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.   : | CIVIL ACTION NO. |
| : | 1:12-CV-02617-RWS |
| PREMIUM CAPITAL FUNDING, : | |
| LLC, a foreign limited liability : | |
| company, doing business as : | |
| TOPDOT MORTGAGE, BANK : | |
| OF AMERICAN, N.A. and : | |
| MORTGAGE ELECTRONIC : | |
| REGISTRATION SYSTEMS, : | |
| INC., a foreign corporation, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion by Special Appearance to Dismiss Plaintiff's Complaint ("Defendants' Motion to Dismiss") [3]. After reviewing the record, the Court enters the following Order.

**Background**

This case arises out of Plaintiff's attempt to avoid foreclosure proceedings on his property, located at 1250 Log Cabin Way, Lawrenceville,

Georgia 30045 (the "Property"). Accepting the allegations in Plaintiff's Petition for Declaratory Relief ("Complaint," Dkt. [1]) as true, as the Court must on a motion to dismiss,[1] the facts are as follows.

On or about February 12, 2008, Plaintiff executed a security deed (the "Security Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Premium Capital Funding, LLC, d/b/a Topdot Mortgage ("Topdot"). (Compl., Dkt. [1] ¶ 9; Defs.' Mot. to Dismiss, Ex. D (the Security Deed), Dkt. [3-5].)[2] Plaintiff also entered into a loan agreement (the "Loan") with Topdot, executing a promissory note (the "Note") for the principal amount of $193,509.00. (Compl., Dkt. [1] ¶ 9.) In September 2011, MERS assigned the Security Deed to Bank of America, N.A. ("BANA"). (Id. ¶ 10; Defs.' Mot. to Dismiss, Ex. E ("the Assignment"), Dkt. [3-6].) The Assignment was recorded in the Superior Court of Gwinnett County on October 20, 2011. (Id.)

---

[1] Cooper v. Pate, 378 U.S. 546, 546 (1964).

[2] When considering a motion to dismiss, the Court may take notice of public records not attached to the Complaint, including in this case the Security Deed and Assignment filed in the Superior Court of Gwinnett County. This does not convert the motion into one for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

On July 30, 2012, Plaintiff filed the Complaint in this Court, seeking declaratory relief against Defendants. (Compl., Dkt. [1] ¶¶ A-N at 6-7.) The Complaint names Topdot, BANA, and MERS as Defendants and asserts diversity of citizenship as the basis for jurisdiction. (Id. at ¶¶ 5-7.) Plaintiff raises only a cause of action for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202, seeking "a judicial determination of any and all rights under the Note and/or Security Deed." (Id. at ¶ 17.) Plaintiff asks the Court to declare that Defendants (1) are not the legitimate owners of the Note and/or Security Deed and (2) do not have the rights to service the Note and/or Security Deed, engage in the "loss mitigation process," receive payments, enforce penalties or fines against Plaintiff, issue delinquency notices, engage in debt collection practices, report "negative items about [Plaintiff] to consumer credit reporting agencies,"declare Plaintiff in default of the Note and/or Security Deed, accelerate payments due under the Note and/or Security Deed, or enforce the Note and/or Security Deed through foreclosure, foreclosure sale, and eviction. (Id. at 6-7.) Plaintiff also seeks an injunction preventing Defendants from exercising any rights under the Note or Security Deed, as "supplemental relief under [28 U.S.C. §] 2202." (Id. at 7.)

3

Defendants now move to dismiss the Complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff has failed to present a case or controversy ripe for adjudication. (Defs.' Mot. to Dismiss, Dkt. [3].) The Court deems this to be a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. See Sammons v. Nat'l Comm'n on Certification of Physician Assistants, Inc., 104 F. Supp. 2d 1379, 1381 (N.D. Ga. 2000) (noting that "ripeness goes to [a federal district court's] subject matter jurisdiction"). Defendants also move to dismiss the Complaint under Rule 12(b)(5) for insufficient service of process. (Defs.' Mot. to Dismiss, Dkt. [3].) Plaintiff has not responded to Defendants' motion, and therefore the Court considers the Motion to Dismiss unopposed. See LR 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion.").

## Discussion

### I.   Legal Standard

####   A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

Rule 12(b)(1) attacks on subject matter jurisdiction can come in two forms–facial or factual. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks" require the court to evaluate the complaint to see

4

whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction; the allegations are taken as true for purposes of the motion. Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence, 919 F.2d at 1529 (11th Cir. 1990). "Factual attacks" challenge subject matter jurisdiction in fact, irrespective of the pleadings. Garcia, 104 F.3d at 1261. Here, because Defendants have not offered matters outside the pleadings for the Court to consider, this challenge will be considered a facial challenge, and the allegations of the Complaint will be taken as true.

### B.   Motion to Dismiss for Insufficient Service of Process

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Rule 4 sets forth the procedure for serving a Defendant. "The plaintiff is responsible for having the summons and the complaint served within the time allowed under Rule 4(m) . . . ." FED. R. CIV. P. 4(c)(1). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

5

AO 72A
(Rev.8/82)

F<small>ED</small>. R. C<small>IV</small>. P. 4(m).

**II.	Analysis**

As stated in the Background section, <u>supra</u>, in the Complaint, Plaintiff requests only declaratory relief, seeking clarification about "what entity holds, owns or possesses any and all rights under the Note and/or Security Deed." (Compl., Dkt. [1] ¶ 16.)   Defendants move to dismiss on two grounds: first, that Plaintiff has not pled the existence of an actual controversy in which relief may be granted, and second, that in any event, Plaintiff's Complaint is due to be dismissed for failure to effect service of process.  (Defs.' Mem., Dkt. [3-1] at 6-8.)  The Court addresses each argument in turn.

<u>A.</u>	<u>Actual Controversy</u>

First, Defendants assert that Plaintiff has not "allege[d] that BANA or MERS is not the owner and/or holder of the Note and Security Deed, that BANA or MERS is not the mortgage servicer, or that BANA or MERS has no right to enforce the Note and Security Deed," and as such, that Plaintiff has failed to present an actual controversy ripe for adjudication.  (Defs.' Mem., Dkt. [3-1] at 7.)

The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such

6

declaration." 28 U.S.C. § 2201(a).  A declaratory judgment may be issued only to resolve an "actual controversy."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-27 (2007) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)).  The Supreme Court has required that, in order for a declaratory judgment to be proper, the dispute must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  Id. (citing Aetna, 300 U.S. at 241).  "A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop."  Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir. 1967).[3]  Additionally, "it is not the function of a United States District Court to sit in judgment on . . . intriguing questions which today may readily be imagined, but may never in fact come to pass.'"  Id. at 666 (quoting Am. Fid. & Cas. Co. v. Pennsylvania T. & F. M. Cas. Ins. Co., 280 F.2d 453, 461 (5th Cir. 1960)).

---

[3] In Bonner v. City of Prichard, the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions the former Fifth Circuit handed down before October 1, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Here, the Complaint does not allege an actual controversy. The Complaint does not allege that Defendants are not the rightful owners and/or holders of the Note and Security Deed, that Defendants are not the mortgage servicers, or that Defendants have no right to enforce the Note and Security Deed through non-judicial foreclosure. While there could at some point be a dispute among the parties, any such dispute is, at this point, hypothetical or conjectural and has not yet ripened into an actual controversy. Accordingly, Plaintiff has not alleged the existence of an "actual controversy" and thus is not entitled to declaratory relief. The Complaint is due to be **DISMISSED**.[4]

B.   Service of Process

Additionally, Local Rule 41.2(B) allows the Court to dismiss a Complaint without prejudice for lack of service of process. LR 41.2(B). Defendants allege that, as of the date of filing their Motion to Dismiss, they have not been served with summons and a copy of the Complaint pursuant to Rule 4. (Defs.' Mem., Dkt. [3-1] at 7-8.) In this case, the Complaint was filed

---

[4] "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (citing Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir.1984)).

8

on July 30, 2012, such that the 120 day window for service of process under Rule 4(m) expired on November 27, 2012. After reviewing the record, the Court finds no evidence that Defendants have been served with process in accordance with Rule 4. Nor has Plaintiff provided "good cause" for failing to effect timely service. Accordingly, Plaintiff's claims are due to be **DISMISSED** on this basis as well as for the reasons discussed in Part II.A., supra.

## Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [3] is **GRANTED**. Plaintiff's Complaint [1] is **DISMISSED without prejudice**. The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**SO ORDERED**, this   10th   day of April, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE